IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| TOMMY EARL JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2082-JDT-dkv |
| | ) | |
| DR. BENITEZ, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS,*
ASSESSING $350 CIVIL FILING FEE, ADDRESSING PENDING MOTIONS,
DISMISSING CASE AND GRANTING LEAVE TO AMEND

On February 2, 2015, Plaintiff, Tommy Earl Jones, Tennessee Department of Correction prisoner number 464968, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, and Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq.*, accompanied by motions seeking leave to proceed *in forma pauperis*, the appointment of counsel and an injunction. (ECF Nos. 1, 2, 3 & 4.) The Clerk shall record the Defendant as Doctor First Name Unknown ("FNU") Benitez.

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the full filing fee required by 28 U.S.C. § 1914(a).[1]

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees . . . as are prescribed by
(continued...)

The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs."), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

---

[1](...continued)
the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Because the Court is granting leave to proceed *in forma pauperis* in this case, Plaintiff is not liable for the additional $50 fee.

Plaintiff has filed at least three previous civil rights lawsuits that were dismissed for failure to state a claim.[2] Therefore, Plaintiff may not take advantage of the installment-payment provisions of 28 U.S.C. § 1915(b) unless he is in imminent danger of serious physical injury. The assessment whether a prisoner is in imminent danger is made at the time of the filing of the complaint. *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008).

This is at least the third lawsuit Plaintiff has filed about inadequate medical treatment for his Crohn's disease.[3] The complaint alleges that, on January 16, 2015, Plaintiff told

---

[2] Plaintiff previously filed *Jones v. Raye*, No. 3:12-cv-01230 (M.D. Tenn. Nov. 27, 2012) (dismissed for failure to state a claim); *Jones v. Sator*, No. 3:12-cv-00519 (M.D. Tenn. May 30, 2012) (dismissed for failure to state a claim); and *Jones v. Walls*, No. 3:09-cv-1037 (M.D. Tenn. Nov. 3, 2009) (dismissed for failure to state a claim), *aff'd,* No. 12-6568 (6th Cir. June 3, 2014).

[3] "Crohn's disease is an ongoing disorder that causes inflammation of the digestive tract, also referred to as the gastrointestinal (GI) tract. . . . The damaging inflammation resulting from Crohn's may cause pain and may make the intestines empty frequently, resulting in diarrhea and other Crohn's disease symptoms." Http://www.crohnsandcolitisinfo.com/Crohns/What-Is-Crohns-Disease.
  On December 2, 2013, Plaintiff filed his complaint in *Jones v. Cuddy,* No. 13-2942-JDT-tmp (W.D. Tenn.), pursuant to 42 U.S.C. § 1983. That suit, brought against Dr. Stephen Cuddy, alleged that Cuddy had refused to provide medication for abdominal pain, nausea and vomiting caused by Crohn's disease and refused to refer Plaintiff to a specialist for his active inflammatory exudate. The Court dismissed the case for failure to state a claim. On September 8, 2014, the Sixth Circuit Court of Appeals partially affirmed but vacated the dismissal of Plaintiff's claim arising from the denial of pain medication. *Jones v. Cuddy,* No. 14-5087 (6th Cir. Sept. 5, 2014).
  On June 23, 2014, Plaintiff filed a complaint under 42 U.S.C. § 1983 and the ADA against Donald Willie, a Family Nurse Practitioner at the WTSP, and other parties. *Jones v. Willie,* No. 14-2492-JDT-dkv (W.D. Tenn.). On January 30, 2015, the Court, *inter alia,* dismissed the complaint for failure to state a claim and granted leave to amend. (*Id.*, ECF No. 8.) The § 1983 claims against Willie were dismissed for failure to state a claim and because the only relief sought was a transfer to the Lois N. DeBerry Special Needs Facility, which was not an appropriate remedy. (*Id.* at 12, 22-23.) On April 7, 2015, the Court denied Plaintiff's motion

(continued...)

Benitez that he was in pain and "describe[d] the on going lack of pain medication . . . ." (ECF No. 1 at PageID 4.) Plaintiff told Benitez that he was not receiving the proper diet tray because his name had not been submitted to a dietician. (*Id.*) Plaintiff explained that his "mucosal surface is entirely ulcerated and replaced by an active inflammatory exudate." (*Id.*) Plaintiff told Benitez that he needed to be housed at the Lois N. DeBerry Special Needs Facility ("DSNF") in Nashville, Tennessee. (*Id.*) Benitez allegedly responded that his aunt has Crohn's disease, that Plaintiff could not receive pain medication but could receive steroids, and that "he went to Yale University and a jerk couldn't tell him anything." (*Id.*)

Plaintiff had a follow-up appointment with Benitez on January 23, 2015. Benitez told Plaintiff that he was placing him on a "prednisone six months step down" and that, after six months, Plaintiff would have one medication on file. (*Id.* at PageID 4-5.) Benitez also allegedly told Plaintiff that "there was no diet in the prison to place [him] on" and that "there will be no issuing of pain medication . . . ." (*Id.*) Plaintiff would receive nutritional and vitamin supplements "only if [he is] having exacerbation." (*Id.* at PageID 5.) Upon questioning by Plaintiff, Benitez said the gastroenterologist did not know about the medication change and that submitting his name to the dietician was "not an option." (*Id.*) Benitez told Plaintiff that he was Board certified as a gastroenterologist and he was qualified to provide medication for Crohn's disease. (*Id.*)

---

[3](...continued)
for reconsideration and directed the Clerk to enter judgment. (No. 14-2492, ECF No. 11.) Plaintiff's appeal is pending before the Sixth Circuit Court of Appeals. *Jones v. Willie*, No. 15-5658 (6th Cir. docketed June 22, 2015).

Plaintiff attempted to show Benitez an excerpt from *Understanding and Caring for Human Diseases* by Marcia Borgstadt, but Benitez "disregarded" that information. (*Id.*) A nurse walked into the consultation room and accused Plaintiff of trying to tell the doctor what to do. Plaintiff responded that she was disrupting a private conversation. The nurse then told the prison's "Green Team" that Plaintiff was being disruptive. Plaintiff told Benitez that he had filed a grievance about his previous visit and that a lawsuit would follow. (*Id.* at PageID 5-6.)

According to Plaintiff, he is suffering from a "terminal illness due to Crohn's Disease and has been undergoing this treatment since his incarceration." (*Id.* at PageID 6.)[4] Plaintiff complains that

> Doctor Benitez, refused to take terminal illness due to Crohn's Disease . provide pain medication . refer to specialist . mucosal surface entirely ulcerated and replaced by an active inflammatory exudate . refer name to food dietician . send to Lois Deberry Special Needs for housing.

(*Id.*) Plaintiff seeks money damages under Title II of the ADA. (*Id.* at PageID 6-7.)

Because Plaintiff's complaint alleges a danger of serious harm due to a failure properly to treat a chronic condition, he has arguably satisfied the "imminent danger" exception to § 1915(g). *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 582-83 (6th Cir. 2013) ("[A]lleging a danger of serious physical injury as a result of being presently

---

[4] It is unclear what Plaintiff means by a "terminal illness." Crohn's Disease "is not considered to be a fatal disease," although it can be associated with serious complications. "Fortunately, effective medicines and surgery can help most people keep the disease in check most of the time." Http://www.pdrhealth.com/diseases/crohns-disease.

5

denied adequate medical treatment for a chronic illness satisfies the imminent-danger exception."). Therefore, the Court GRANTS leave to proceed *in forma pauperis* in this action.

Plaintiff has properly completed and submitted an *in forma pauperis* affidavit and a copy of his inmate trust account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust account officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust account officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that, after the initial partial filing fee is fully paid, the trust account officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's

account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $350 filing fee is paid.[5]

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee,
> 167 N. Main St., Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If Plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at the WTSP. The Clerk is further ORDERED to forward a copy of this order to the Warden of the WTSP to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

---

[5] The assessment for this case is in addition to the assessments made in the other cases filed by Plaintiff. In other words, Plaintiff is not entitled to pay his filing fees one at a time. *See Goodrich v. Tyree*, No. 08-CV-13664, 2010 WL 2572773 (E.D. Mich. June 23, 2010).

Plaintiff has filed a motion seeking the appointment of counsel in this matter. (ECF No. 3.) Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same).[6]

---

[6] These factors are important, because § 1915(e)(1) "does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 310 (1989).

Plaintiff has not satisfied his burden of demonstrating that the Court should exercise its discretion to appoint counsel in this case. Nothing in Plaintiff's motion serves to distinguish this case from the many other cases filed by *pro se* prisoners who are not trained attorneys and who have limited access to the law library. The motion for appointment of counsel is DENIED.

Plaintiff has also filed a motion for injunctive relief in which he asks to be transferred to the DSNF. (ECF No. 4.) Even if Plaintiff were to establish that Defendant was deliberately indifferent to his serious medical needs, it does not follow that the appropriate remedy would be a transfer to the DSNF. *See, e.g., Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) ("Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State."); *Branham v. Grinage,* No. 88-1611, 1989 WL 11070, at *1 (6th Cir. Feb. 10, 1989); *Christian v. Mich. Dep't of Corr.—Health Servs.,* No. 12-12936, 2013 WL 607783, at *3 n.3 (E.D. Mich. Jan. 28, 2013) (report and recommendation), *adopted,* 2013 WL 607779 (E.D. Mich. Feb. 19, 2013); *Skinner v. Unknown Grandson,* No. 05-70556, 2006 WL 1997392, at *12 (E.D. Mich. July 14, 2006). If the Court were to find an Eighth Amendment violation, the appropriate remedy would be an order directing Defendants to provide appropriate treatment for Plaintiff's conditions. It would be up to Defendant to decide whether that treatment should be provided at Plaintiff's current prison, the DSNF, or any other facility. The motion for a preliminary injunction is DENIED.

9

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Id.* (citing *Neitzke*, 490 U.S. at 328-29).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness.

*Id.* at 471 (citations and internal quotation marks omitted).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P.

11

8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

To state a claim under 42 U.S.C. § 1983,[7] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

"The right to adequate medical care is guaranteed to convicted federal prisoners by the Cruel and Unusual Punishments Clause of the Eighth Amendment, and is made

---

[7] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

applicable to convicted state prisoners and to pretrial detainees (both federal and state) by the Due Process Clause of the Fourteenth Amendment." *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). "A prisoner's right to adequate medical care 'is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs.'" *Id.* at 874 (quoting *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)); *see also Santiago v. Ringle,* 734 F.3d 585, 590 (6th Cir. 2013) (same). "Although the right to adequate medical care does not encompass the right to be diagnosed correctly, [the Sixth Circuit] has long held that prison officials who have been alerted to a prisoner's serious medical needs are under an obligation to offer medical care to such a prisoner." *Johnson*, 398 F.3d at 874 (internal quotation marks and citation omitted).

The objective component of an Eighth Amendment claim requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention." *Blackmore*, 390 F.3d at 897 (internal quotation marks and citations omitted); *see also Santiago,* 734 F.3d at 590 (same); *Johnson*, 398 F.3d at 874 (same). Plaintiff has been diagnosed with Crohn's Disease, which is a serious medical condition. *See, e.g., Hendricks v. DesMarais*, No. 2:11-cv-40, 2013 WL 5408258, at *5 (S.D. Ohio Sept. 25, 2013); *Holder v. Lawson*, No. 3:10CV-P512-H, 2010 WL 3277131, at *2 (W.D. Ky. Aug. 17, 2010).

13

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he or she had a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 79 (6th Cir. 1995). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus,

> *[a] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.* This approach comports best with the text of the Eighth Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. . . . But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Id.* at 837-38 (emphasis added; citations omitted); *see also Garretson v. City of Madison Heights*, 407 F.3d 789, 796 (6th Cir. 2005) ("If the officers failed to act in the face of an

obvious risk of which they should have known but did not, then they did not violate the Fourteenth Amendment.").

This is a case in which a prisoner received some medical treatment, but he contends that a more appropriate treatment was withheld from him. "'[T]hat a [medical professional] has been negligent in diagnosing or treating a medical condition does not state a valid claim . . . under the Eighth Amendment.'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "The requirement that the official have subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Comstock*, 273 F.3d at 703. "When a doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Id.*; *see also Johnson*, 398 F.3d at 875 (same). "'[D]eliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Comstock*, 273 F.3d at 703 (quoting *Farmer*, 511 U.S. at 836). The failure to approve a consultation with a specialist does not establish deliberate indifference. "A medical decision not to order an X-ray, or like measures, does not represent cruel or unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court." *Estelle*, 429 U.S. at 107.

That Defendant changed Plaintiff's medication, failed to refer him to a specialist and declined to recommend that he be transferred to the DSNF does not establish deliberate indifference. At most, Defendant may have been negligent. *See Jones v. Cuddy,* No. 14-5087, slip op. at 3.

The allegation that Defendant declined to prescribe a special diet are not consistent with the claim in case number 14-2492 that Plaintiff had been prescribed a bland diet but the kitchen staff refused to serve appropriate meals. Even if it were assumed that the complaint adequately alleges Eighth Amendment claims against Defendant for declining to order a special diet and for refusing to prescribe pain medication, process will not be issued on Plaintiff's § 1983 claims at this time because the complaint does not seek any relief under § 1983. The claims for money damages arise only under the ADA. (ECF No. 1 at PageID 6-7.)

Plaintiff also purports to sue under Title II of the ADA, 42 U.S.C. §§ 12131 *et seq.* Title II provides, in pertinent part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "The term 'qualified individual with a disability' means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public

entity." *Id.* § 12131(2). The term "public entity" includes "any State . . . government" and "any department, agency, special purpose district, or other instrumentality of a State[.]" *Id.* § 12131(1)(A)-(B). The Supreme Court has held that Title II of the ADA applies to prisoners housed in state prisons. *Pennsylvania v. Yeskey*, 524 U.S. 206, 213 (1998). Thus, Title II applies to claims that an inmate has been denied the benefit of, or excluded from participation in, "recreational activities, medical services, and educational and vocational programs." *Id.* at 210 (internal quotation marks omitted).

Although Plaintiff's ADA claim suffers from several deficiencies, it is unnecessary to address each defect in detail because a claim about substandard medical care ordinarily is not actionable under Title II of the ADA. *See, e.g., Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012) ("Brown's complaint merely asserts that defendants violated the ADA and fails to allege any facts that demonstrate that the alleged inadequate or improper medical care he received was because of a disability."); *Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005) (per curiam) (challenge to medical treatment decisions not actionable under ADA); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005) ("purely medical decisions . . . do not ordinarily fall within the scope of the ADA"); *Spencer v. Easter*, 109 F. App'x 571, 573 (4th Cir. 2004) (per curiam) (claim of inadequate medical care not actionable under the ADA absent evidence of discriminatory intent arising from prisoner's disability); *Baldridge-El v. Gundy*, No. 99-2398, 2000 WL 1721014, at *2 (6th Cir. Nov. 8, 2000) (ADA does not provide a cause of action for medical malpractice); *Bryant v. Madigan*,

84 F.3d 246, 249 (7th Cir. 1996) ("the [ADA] would not be violated by a prison's simply failing to attend to the medical needs of its prisoners").

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d at 951; *see also Brown v. Rhode Island*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 511 F. App'x at 5; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every sua sponte dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

The Court cannot conclude that any amendment to Plaintiff's § 1983 claim would be futile as a matter of law. Therefore, leave to amend to cure the deficiencies in the § 1983

claim is GRANTED.[8] Any amended complaint must be filed within twenty-eight (28) days after the date of this order.

Plaintiff is advised that an amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleading. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Plaintiff may add additional defendants provided that the claims against the new parties arise from the acts and omissions in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Plaintiff fails to file an amended complaint within the time specified, the Court will assess yet another a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

                                            s/ **James D. Todd**
                                            JAMES D. TODD
                                            UNITED STATES DISTRICT JUDGE

---

[8] However, the Court DENIES leave to amend the ADA claim.