# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

TOMMY EARL JONES,                    )
                                     )
      Plaintiff,                )
                                     )
VS.                                  )          No. 15-2082-JDT-cgc
                                     )
DR. JORGE BENITEZ,                   )
                                     )
      Defendant.                )

_____

## ORDER TO MODIFY THE DOCKET,
## PARTIALLY DISMISSING THE AMENDED COMPLAINT
## AND DIRECTING THAT PROCESS BE ISSUED AND SERVED

_____

On February 2, 2015, Plaintiff Tommy Earl Jones, Tennessee Department of Correction prisoner number 464968, an inmate who is currently incarcerated at the Northeast Correctional Complex ("NECX") in Mountain City, Tennessee,[1] filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq.*, accompanied by motions seeking leave to proceed in forma pauperis, the appointment of counsel and an injunction. (ECF Nos. 1, 2, 3 & 4.) The complaint concerns Plaintiff's previous incarceration at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee. On June 24, 2015, the Court issued an order finding that Plaintiff, a three-strike filer under 28 U.S.C. § 1915(g), had sufficiently alleged

---

[1] The Clerk is directed to MODIFY the docket to reflect Plaintiff's address at the NECX, which was indicated in the brief he filed on August 29, 2016 (ECF No. 8 at 1, 4), and to send a copy of this order to him at the NECX.

that he was in imminent danger of serious physical injury; therefore, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee. (ECF No. 5 at 4-7.) However, the Court also dismissed the complaint for failure to state a claim on which relief may be granted but granted leave to amend the § 1983 claim within thirty days. (*Id.* at 12-18.)[2] Plaintiff subsequently filed a timely amended complaint against the sole Defendant, Dr. Jorge Benitez.[3] (ECF No. 6.)

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal (ECF No. 5 at 10-12) and will not be reiterated here.

Plaintiff's amended complaint restates his claims under the ADA. As noted, *supra* note 1, the Court denied leave to amend the ADA claim; therefore, for the reasons stated in the previous order (*id.* at 16-18), the ADA claims are again DISMISSED.

Plaintiff also restates his § 1983 claims that the Defendant changed his medication, failed to refer him to a specialist, failed to recommend that Plaintiff be transferred to the Deberry Special Needs Facility in Nashville, Tennessee. However, the claims as re-alleged fail to cure the deficiencies identified in the prior order, as those actions are insufficient to establish the subjective component of an Eighth Amendment violation because, at most, they establish negligence.

---

[2] The Court denied leave to amend the ADA claim. (*Id.* at 19 n. 8.)

[3] The amended complaint provides the Defendant's first name, which was not included in the original complaint. The Clerk is directed to MODIFY the docket to reflect the Defendant's full name.

Furthermore, as noted by the Court in the prior order of dismissal in this case and also by the Sixth Circuit Court of Appeals in an appeal from another of Plaintiff's cases, *Jones v. Willie*, No. 14-2492-JDT-cgc (W.D. Tenn.), *partially vacated and remanded*, No. 15-5658 (6th Cir. Jan. 28, 2016), Jones's claim that he was not provided with a special diet is contradicted by his allegations in that case that he "already had documentation of his dietary restrictions and that a nurse explained these restrictions to the kitchen staff." *Id.*, (ECF No. 18 at PageID 118).

Therefore, for the reasons set forth in the prior order, the above allegations still fail to state a claim on which relief may be granted.

The Court does find, however, that Plaintiff's allegations that the Defendant acted with deliberate indifference by denying him sufficient pain medication is sufficient to state a claim under the Eighth Amendment. Process will be issued solely on that claim.

It is ORDERED that the Clerk shall issue process for Defendant Benitez and deliver that process to the U.S. Marshal for service. Service shall be made on Defendant Benitez pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10), either by mail or personally if mail service is not effective. All costs of service shall be advanced by the United States. The service on Defendant Benitez shall include a copy of the amended complaint (ECF No. 6) and a copy of this order.

It is further ORDERED that Plaintiff shall serve a copy of every additional document he files in this cause on the attorneys for Defendant Benitez or on Defendant Benitez personally if he is unrepresented. Plaintiff shall make a certificate of service on every

document filed. Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[4]

Plaintiff shall promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[4] A copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the Court's website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.