IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TOMMY EARL JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:15-cv-02082-TLP-tmp |
| ) | |
| v. ) | JURY DEMAND |
| ) | |
| JORGE BENITEZ, M.D., ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING
LEAVE TO PROCEED IN FORMA PAUPERIS**

Defendant moves to Dismiss the Amended Complaint for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6) and 42 U.S.C. § 1997e(a). (ECF No. 17.) Plaintiff Tommy Earl Jones, Tennessee Department of Correction prison number 464968, is currently an inmate at Northeast Correctional Complex ("NECX") in Mountain City, Tennessee. That said, at all relevant times, Plaintiff was an inmate at West Tennessee State Penitentiary. Defendant was a medical doctor at West Tennessee State Penitentiary tasked with treating Plaintiff. (ECF No. 6 at PageID 50.) Plaintiff filed a pro se complaint and an amended complaint against Defendant under 42 U.S.C. § 1983 and Title II of the American's With Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq*. (ECF Nos. 1, 6.)

The § 1983 claims alleged violations of the Eighth Amendment to the United States Constitution for Defendant changing Plaintiff's medication regimen, failure to refer Plaintiff to a specialist, failure to recommend that Plaintiff be transferred to DeBerry Special Needs Facility in Nashville, Tennessee, and failing to prescribe Plaintiff pain medication to treat the

pain associated with his Crohn's Disease. (ECF No. 1.) The Honorable James D. Todd, United States District Judge for the Western District of Tennessee, dismissed Plaintiff's complaint for failure to state a claim on which relief could be granted, but granted Plaintiff leave to amend his complaint as to the § 1983 claims. (ECF No. 5.) Yet leave was not granted to amend the ADA claim. (*Id*. at PageID 19 n.8.) Pro se Plaintiff then filed an Amended Complaint against Defendant. (ECF No. 6.) The Amended Complaint restated the original claims. (ECF No. 6.) Thereafter, Judge James D. Todd dismissed all of Plaintiff's claims[1] except the claim under the Eight Amendment that Defendant was deliberately indifferent in failing to prescribe Plaintiff pain medication. (ECF No. 9 at PageID 68–69.)

As a result, only Plaintiff's claim alleging violations of the Eighth Amendment for failure to prescribe pain medication remains.

Because the amended complaint lacks enough facts to sustain a deliberate indifference claim, Defendant's Motion to Dismiss is GRANTED.

## **BACKGROUND**

In his first Amended Complaint, Plaintiff alleges that he was denied adequate medical treatment for his Crohn's Disease in violation of the Eighth Amendment to the United States Constitution. (ECF No. 6 at PageID 47.) Plaintiff alleges that Defendant was deliberately indifferent to his medical condition by not prescribing him pain medication. (*Id*. at PageID 47, 50.) According to Plaintiff, he suffers from a "terminal illness due to Crohn's Disease." (*Id*. at PageID 54.) Plaintiff "describe[d] the on going (sic) lack of pain medication as suffering" and that his "mucosal surface is entirely ulcerated and replaced by an active

---

[1] "[T]he claims as re-alleged fail to cure the deficiencies identified in the prior order, as those actions are insufficient to establish the subjective component of an Eighth Amendment violation because, at most, they establish negligence." (ECF No. 9 at PageID 2.)

inflammatory exudate." (*Id*. at PageID 50.) Dr. Benitez responded to Plaintiff's concerns by stating that "he went to Yale University and a jerk couldn't tell him anything." (*Id*.) Plaintiff suffered daily from this inflammation. (*Id*.)

Defendant refused to prescribe Plaintiff the pain medication he sought. Instead, Defendant prescribed Prednisone and Sulfasalazine. (ECF No. 6 at PageID 54.) When asked by Plaintiff if he was a board certified gastroenterologist, Defendant stated that he was and that he had the ability to treat Plaintiff's Crohn's Disease. (*Id*.) Defendant disregarded Plaintiff's attempt to contribute to his treatment by reading excerpts from *Understanding and Caring for Human Diseases* by Marcia Borgstadt. (*Id*.) Ultimately, Plaintiff claims that he "suffer[s] from pain needlessly . . . . " (*Id*. at PageID 52.)

## STANDARD OF REVIEW

On pleading-standard review, "[p]ro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quotations omitted). Still, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Reilly v. Vadlamudi*, 680 F.3d 617, 623 (6th Cir. 2013) (quoting *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint's allegations by arguing the allegations establish no claim for

3

which relief can be granted. A court considering a motion to dismiss under Rule 12(b)(6) must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). A court need not accept as true legal conclusions or unwarranted factual inferences. *Hananiya v. City of Memphis*, 252 F. Supp. 2d 607, 610 (W.D. Tenn. 2003) (citing *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998)). "A complaint should only be dismissed if it is clear to the court that 'no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)).

## ANALYSIS

Plaintiff's sole remaining claim arises under 42 U.S.C. § 1983, and alleges that defendant violated Plaintiff's Eighth Amendment guarantee by failing to prescribe narcotic pain medication. Plaintiff asserts this was cruel and unusual punishment. Section 1983 claims require the plaintiff to "allege two elements: 1) the defendant acted under color of state law; and 2) the defendant's conduct deprived the plaintiff of rights secured under federal law." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). A person acts under color of state law when the action can be "fairly attributable to the state." *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Defendant, as a physician for incarcerated prisoners, was a state actor and thus acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 50–51 (1988). Plaintiff's claim therefore hinges on a finding of a deprivation of rights secured under federal law.

Defendant argues that Plaintiff's claim fails because: (1) the amended complaint lacks sufficient facts to sustain a deliberate indifference claim; (2) Plaintiff did not comply with the

4

Tennessee Healthcare Liability Act; and (3) Defendant did not exhaust the administrative process before suing. (ECF No. 17 at PageID 98–100.) Because the Court finds that Plaintiff's claim should be dismissed on other grounds, it does not reach Defendant's administrative-exhaustion argument.

I.     **Eighth Amendment Claim for Denial of Medical Treatment**

The Eighth Amendment prohibits cruel and unusual punishment. *See* U.S. Const. amend. VIII; *Wilson v. Seiter*, 501 U.S. 294, 296–302 (1991). The protection against cruel and unusual punishment applies to the States through the Due Process Clause of the Fourteenth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 101–02 (1976); *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 198 (1989). This amendment "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency' against which courts must evaluate penal measures." *Reilly*, 680 F.3d at 623 (quoting *Estelle*, 429 U.S. at 102).

The Eighth Amendment forbids prison officials from acting with "deliberate indifference to serious medical needs of prisoners . . . ." *Estelle*, 429 U.S. at 104. An Eighth Amendment claim for denial of medical care consists of both an objective and subjective component. *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

A.     **Objective Component**

The objective component requires a showing of a "sufficiently serious" medical necessity. *Id.* "[T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (internal quotations removed)). "Where the seriousness of a prisoner's needs for

medical care is obvious even to a lay person, the constitutional violation may arise." *Id.* Even so, for non-obvious, severe medical conditions, an inmate must "place verifying medical evidence in the record to establish the detrimental effect" of the failure to provide adequate medical care. *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (quoting *Napier v. Madison Cty., Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001)).

Plaintiff alleges, and the Court takes as true, that he suffers from Crohn's Disease. (ECF No. 6 at PageID 50.) Plaintiff has satisfied the objective component of his claim because Crohn's Disease is a serious medical condition. *See Hendricks v. DesMarais*, No. 2:11-cv-40, 2013 WL 5408258, at *5 (S.D. Ohio Sept. 25, 2013); *Holder v. Lawson*, No. 3:10CV-P512-H, 2010 WL 3277131 (W.D. Ky. Aug. 17, 2010).

### B.   Subjective Component

To establish the subjective component of an Eighth Amendment claim, a prisoner must prove that the prison official acted with a "sufficiently culpable state of mind" in denying medical care. *Farmer*, 511 U.S. at 834. "Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v. Madison Cty. Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir. 1994). The inmate must show that the prison official subjectively perceived the seriousness of the harm and then disregarded it. *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

The law requires Plaintiff to assert more than a mere medical malpractice claim. "The requirement that the official have subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Id.* (citing *Estelle*, 429 U.S. 106). "Where a prisoner has received some medical

6

attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Acting with "deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Farmer*, 511 U.S. at 836. "When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock*, 273 F.3d at 703. "Where the [prisoner] received treatment for his condition . . . he must show that this treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 604–05 (6th Cir. 2014) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)).

Plaintiff has failed to allege that Defendant acted with a "sufficiently culpable state of mind" in failing to prescribe him pain medication. Defendant attached Plaintiff's medical records to support the Motion to Dismiss. (*See* ECF No. 21.) The Court can review these medical records without converting Defendant's motion to dismiss to a motion for summary judgment under Federal Rule of Civil Procedure 56, because the medical records are central to Plaintiff's complaint. *See Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007) ("[W]hen a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment."); *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (holding that documents central to a complaint but not formally incorporated by reference or attachment to a complaint may be considered part of the pleadings).

Defendant saw Plaintiff on January 16, 2015, at which time plaintiff requested "Lortabs" to deal with his "constant pain." (ECF No. 21 at PageID 134.) Defendant informed Plaintiff that Lortab[2] was not within "the standard of care and evidence based medicine" to treat Crohn's Disease. (*Id.*) Instead, he decided to taper Plaintiff off of his prednisone because the "desired result [was] achieve[d]." (*Id.* at PageID 133.) Defendant sought to keep Plaintiff informed about why he prescribed this course of treatment. (*Id.* at 131.) Defendant subsequently prescribed Sulfasalazine to treat Plaintiff's condition on January 29, 2015. (*Id.*) Plaintiff refused to take the prednisone and sulfasalazine the next week. (ECF No. 21 at PageID 130.) Defendant again tried to explain the "rational of the treatment" at Plaintiff's next visit on February 13, 2015. (*Id.* at PageID 129.) Plaintiff continued to refuse to adhere to Defendant's treatment plan, stating that "I will take only what I see fit." (*Id.*) Defendant last saw Plaintiff on March 25, 2015, at which time he noted that Plaintiff's Crohn's Disease was in remission. (*Id.* at PageID 124.)

Plaintiff's assertion that he was unconstitutionally denied narcotic pain medication is no more than a disagreement with Defendant about the proper course of treatment. Compare *Alspaugh v. McConnell*, in which the plaintiff alleged that prison officials were deliberately indifferent to his neck injury when prison doctors failed to recommend surgery to treat his ailments for over eight months. 643 F.3d 162, 164-66 (6th Cir. 2011). The plaintiff claimed that he injured his neck during a confrontation with prison officials. *Id.* at 164–65. Although the plaintiff had previously suffered a broken neck and complained of "sharp needle like pain," prison officials only prescribed warm compresses, Motrin, and the use of a soft cervical

---

[2] Lortab is an opioid pain medication containing a combination of hydrocodone and acetaminophen. Lortab, Drugs.com, https://www.drugs.com/lortab.html (last visited Sept. 20, 2018).

collar to allay his pain. *Id*. at 165. The plaintiff only received surgery to alleviate his suffering after he was transferred to another detention facility more than eight months later. *Id*. In holding that prison officials were not deliberately indifferent to the plaintiff's condition, the Sixth Circuit noted that, although the plaintiff "certainly would have desired more aggressive treatment, he was at no point denied treatment." *Id*. at 169. The court articulated that district courts must "distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Alspaugh*, 643 F.2d at 169. (quoting *Westlake*, 537 F.2d at 860 n.5). The court determined that because the plaintiff did receive some treatment which was not "so woefully inadequate as to amount to no treatment at all," the lower court's grant of summary judgment in favor of the defendant on the claim of deliberate indifference was proper. *Id*.

This case is much like *Alspaugh* because Plaintiff does not allege that Defendant did not treat his medical condition. He instead complains that Defendant should have taken even more steps to treat the pain associated with his Crohn' Disease. This Court must differentiate between claims alleging that medical treatment was completely denied—or was so wholly inadequate as to amount to no treatment at all—and those where the plaintiff merely disagrees with the level/type of care provided. Plaintiff's medical records establish that while he suffered from continual pain because of his condition, there is no evidence to suggest the course of treatment he wanted was the proper course. In fact, the record establishes that the requested opioid medication was not in "the standard of care and evidence based medicine." (*See* ECF No. 21 at PageID 134.) Defendant saw Plaintiff at least eight times between January 15, 2015, and March 25, 2015. (ECF No. 21 at PageID 124–34.) Defendant

9

continued to monitor Plaintiff's condition throughout this time and even noted that Plaintiff had "no active inflammatory disease" on March 25, 2015. (*Id*. at PageID 124.) Plaintiff's argument that Defendant should have treated a symptom—pain—of his underlying disease, as opposed to just treating the disease, is a disagreement about the course of treatment.

"[F]ederal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *See Westlake*, 537 F.2d at 860 n.5. As in *Alspaugh*, Defendant did monitor Plaintiff's medical condition and tried to treat it. Although Defendant allegedly could have done more to treat Plaintiff's pain, Plaintiff cannot plausibly allege that Defendant's treatment plan was "so woefully inadequate as to amount to no treatment at all."

Plaintiff has failed to plausibly allege that Defendant acted with deliberate indifference in treating his medical condition. Defendant sought to treat Plaintiff's disease and eventually achieved positive results, despite Plaintiff's refusal to adhere fully to the prescribed treatment. This case—at most—is one for negligence or medical malpractice, which does not rise to the seriousness of a constitutional violation. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Thus, Plaintiff has failed to state a claim that Defendant violated his Eighth Amendment guarantee against cruel and unusual punishment by not prescribing him narcotic pain medication. Plaintiff's claim over the denial of narcotic pain medication in violation of his constitutional rights is DISMISSED.

## II. Medical Malpractice

Even if Plaintiff's complaint states a claim for medical malpractice, it fails to follow the procedures required by the Tennessee Healthcare Liability Act ("THCLA"). "The

Tennessee Supreme Court has held that . . . the medical malpractice statute [Tenn. Code Ann. § 29-26-101 *et seq*.] is applicable when a claim alleges negligent conduct which constitutes or bears a substantial relationship to the rendition of medical treatment by a medical professional . . . ." *Cole v. United States*, 2018 WL 3717192, at *14 (W.D. Tenn. Aug. 3, 2018) (quoting *Driver v. Alexander*, No. 3:13-cv-364, 2013 WL 5886211, at *6 (M.D. Tenn. Oct. 31, 2013)) (internal quotation marks removed).

Here, Plaintiff failed to abide by the notice requirement of § 29-26-121 and the certificate of good faith requirement of § 29-26-122. These "statutory requirements that a plaintiff give [at least] sixty days pre-suit notice and file a certificate of good faith with the complaint are mandatory requirements and not subject to substantial compliance." *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 304 (Tenn. 2012). Failure to file the "certificate of good faith," absent extraordinary causes, will result in the dismissal of the complaint with prejudice. Tenn. Code Ann. § 29-26-122(a), (c); *see also Reed v. Speck*, 508 F. App'x 415, 423-24 (6th Cir. 2012) (affirming the dismissal of a medical malpractice claim for violating the mandatory requirements of the THCLA). Because Plaintiff violated the notice and certificate of good faith requirements under the THCLA, his claim for medical negligence—if he has one—is DISMISSED.

## CONCLUSION

The Court GRANTS Defendant's Motion to Dismiss (ECF No. 17); DISMISSES WITH PREJUDICE Plaintiff's Complaint; and DENIES Plaintiff's motion for leave to proceed in forma pauperis. (ECF No. 14.)

Furthermore, under 28 U.S.C. §1915(a)(3), the Court should also consider whether an appeal by Plaintiff here would be taken in good faith. The good-faith standard is an objective

one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

As a result, it is CERTIFIED, under 28 U.S.C. §1915(a)(3), that any appeal here by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff still appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent-prisoner plaintiff's ability to capitalize on the installment procedures in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997), *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the Prison Reform Litigation Act, 28 U.S.C. § 1915(a)–(b).

Plaintiff is thus instructed that if he wishes to benefit from the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated in forma pauperis affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

**SO ORDERED**, this 26th day of September, 2018.

s/Thomas L. Parker  
THOMAS L. PARKER  
UNITED STATES DISTRICT JUDGE